**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LINDA M. JANCIK, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO.: 1:22-cv-0644-TWT |
| WEBMD, LLC, | |
| Defendants. | |

**DEFENDANT WEBMD, LLC'S MOTION TO STRIKE PLAINTIFF'S
UNTIMELY EXPERT REPORT OR, IN THE ALTERNATIVE FOR LEAVE
TO FILE A SUR-REPLY TO PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION AND MEMORANDUM OF LAW
IN SUPPORT THEREOF**

Defendant WebMD, LLC by and through undersigned counsel, hereby moves the Court to strike the untimely report and opinions of Plaintiff's purported expert Anya Verkhovskaya served in support of Plaintiff's Reply to the Motion for Class Certification or, in the alternative, for an order permitting WebMD to depose Ms. Verkhovskaya and file a sur-reply addressing her opinions and the arguments based thereupon. In support thereof, WebMD argues as follows:

## I.   INTRODUCTION

A rebuttal expert is limited to responding to the arguments presented by the other side's expert, and Plaintiff cannot label a report as "rebuttal" in the hope of

1

introducing new arguments or correcting omissions from her opening brief. In connection with her Reply in support of the Motion for Class Certification, Plaintiff violated that basic tenet and seeks to belatedly introduce new, non-responsive opinions and argument from a purported expert in class notice and class identification that, if it was going to be considered, could and should have been introduced as part of Plaintiff's opening brief. That sequencing would have at least provided WebMD a full and fair opportunity to investigate and respond to her purported opinions. Instead, Plaintiff seeks to offer such evidence in her reply to avoid basic scrutiny by WebMD.

To remedy Plaintiff's improper, delayed disclosure and the injustice it raises, WebMD asks the Court to strike Ms. Verkhovskaya's report and not consider her opinions as part of the Motion for Class Certification or, in the alternative, to provide WebMD an opportunity to depose Plaintiff's expert and, thereafter, file a sur-reply brief addressing Ms. Verkhovskaya's opinions and Plaintiff's arguments regarding those opinions.

## II.    RELEVANT PROCEDURAL HISTORY

This dispute arises in the context of post-discovery briefing on Plaintiff's Motion for Class Certification. The Court's December 14, 2023, Scheduling Order set the deadline to complete fact discovery as June 28, 2024. ECF 66 ("Scheduling

Order").[1] The Scheduling Order dictates that "Plaintiffs shall file their motion for class certification and supporting expert reports on or before June 28, 2024." *Id.* ¶ 4. Plaintiff timely filed her motion and did not disclose any expert at that time. ECF 83. The Scheduling Order provided a 60-day window for WebMD's response to the class certification motion, including to provide sufficient time for WebMD to depose any expert that Plaintiff might disclose. ECF 66, ¶ 5. WebMD timely filed its response on August 30, 2024, along with its supporting expert report by James Vint. ECF 92. That same day, WebMD offered Mr. Vint for deposition concerning his opinions. Ex. A (Aug. 30, 2024 Letter to Plaintiff's Counsel) at 2. Mr. Vint offered opinions on

. ECF 92-7. Plaintiff did not ask to depose Mr. Vint during the four weeks between WebMD's Opposition and Plaintiff's deadline for filing her reply.

The Scheduling Order offered Plaintiff an opportunity to file her reply and rebuttal expert reports by September 27, 2024. ECF 66, ¶ 6. Plaintiff's reply is supported by a report from

---

[1] On July 8, 2024, the Court granted the parties' joint motion to allow further discovery from non-party Meta. ECF 91. That extension does not impact the opinions of Ms. Verkhovskaya or the relief sought in this Motion.

expert Anya Verkhovskaya. ECF 95-9. Ms. Verkhovskaya offered opinions:

This motion timely follows.[2]

## III.    ARGUMENT

Arguments raised for the first time in a reply brief are not properly before a reviewing court. *Rindfleisch v. Gentiva Health Services, Inc.*, 22 F. Supp. 3d 1295, 1301 (N.D. Ga. 2014) (citing *Herring v. Sec'y, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005)). The Eleventh Circuit has directed that a District Court faced with a reply brief offering new evidence has two permissible courses of action:  "It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atlantic Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 Fed. Appx. 896, 901–02 (11th Cir. 2019).

---

[2] This Motion seeks exclusion based on Ms. Verkhovskaya's untimely disclosure, without waiver of other potential bases for exclusion of her opinions that may arise should her opinions remain before the Court for consideration.

### A.    The Verkhovskaya Report is Not a Rebuttal Report

Rebuttal reports are permissible "solely to contradict or rebut evidence on the same subject matter" as the opposing expert's report. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 2014 WL 12605648, at *1 (N.D. Ala. Sept. 3, 2014) (striking opinions framed as rebuttal but that exceeded "the specific contentions made by the other party's experts").

Ms. Verkhovskaya's report is a rebuttal in name only. Tellingly, it fails to address Mr. Vint's report beyond a mention in the introduction and as a document that she reviewed. ECF 95-9, ¶¶ 2, 45. Rather, Ms. Verkhovskaya's report is a belated affirmative report that could and should have been submitted in support of Plaintiff's opening brief.

Ms. Verkhovskaya's Opinion 1 provides a purported methodology for

ECF 95-9, ¶¶ 11-12.

Thus, the data analyzed by Ms. Verkhovskaya was available to Plaintiff well before the June 28, 2024 opening brief was filed and that cannot stand as a basis for delayed disclosure.

. *See* ECF 83 at 4. If Plaintiff intended to rely on such testimony, the opinions could and should have been offered as part of her opening brief.

; however, that is not sufficient to distinguish it as a rebuttal report. *Boles v. United States*, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015). "Rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts. Expert reports that simply address the same general subject matter as a previously submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Id*. (internal citations omitted). In *Boles,* the Court struck four reports and excluded testimony that were improperly produced as "rebuttal" because they "d[id] not directly contradict or respond to the findings or opinions of Defendant's experts' reports." *Id.* at *4, 9. The same conclusion is warranted here. The opinions Ms. Verkhovskaya offers fail to directly refute the actual contents of the Vint report or take direct issue with any of the opinions, data, methods, or conclusions that he provides. Her opinions are not proper rebuttal.

Reply Ex. 39 at 16. That new argument is not addressed in Plaintiff's opening submission, WebMD's Opposition brief, or Mr. Vint's expert report. There is no good faith argument that Opinion 2 is anything but beyond the scope of the Vint report and exceeds the proper bounds of a rebuttal report.

## B.    The Verkhovskaya Report Should be Stricken

It is appropriate to strike Ms. Verkhovskaya's report from consideration as part of the record on the Motion for Class Certification. *See, e.g.*, *Atlantic Specialty Ins. Co.*, 793 Fed. Appx. at 901–02. In *Coward v. Forestar Realty, Inc.,* the court was presented with a report that purported to "supplement" the expert's prior opinions, but the opinions offered were new. 282 F.Supp.3d 1317, 1331–32 (N.D. Ga. 2017). The *Coward* court confirmed that "a rebuttal report is limited to contradicting or rebutting evidence on the same subject matter identified by another party and is not an opportunity to advance new opinions or new evidence. Plaintiffs cannot use the rebuttal argument to admit completely new opinions from [their expert]." *Id.* at 1331 (internal citations omitted). The court held that the plaintiffs could not meet their burden of showing that the late disclosure was harmless, because the defendant

"must expend resources responding to the new opinions in the report." *Id.* at 1330. Thus, the court struck the report. *Id.* at 1331–32.

Similarly, in *Gaddy v. Terex Corp.*, the Court confirmed that the "opportunity to submit a rebuttal expert report is not license to expand [Plaintiff's] case-in-chief." 2017 WL 3276684, at \*3 (N.D. Ga. 2017). The defendant in *Gaddy* challenged the non-rebuttal portions of the report as improper. *Id.* at \*2. The court allowed statements that were redundant of the expert's original report or that actually challenged the defendant's expert, but struck all the new evidence including new alternative designs found to be a "transparent attempt" to augment plaintiff's initial case. *Id.* at \*3-5. The court struck the new opinions as improper and because allowing the opinions would be prejudicial to the defendant. *Id.*

Here, the Verkhovskaya report offers new, non-rebuttal opinions at a late stage in the proceedings and outside the permitted scope of the Scheduling Order. Even if the Court grants WebMD an opportunity to investigate these new opinions, WebMD would be harmed by the need to expend additional resources on this belated discovery and briefing. Thus, striking the Verkhovskaya report is the most appropriate remedy.

**C.    Alternatively, WebMD Should be Provided an Opportunity to Depose Ms. Verkhovskaya and File a Sur-Reply Addressing Her Opinions and the Arguments Based Thereon**

The Court has discretion to permit filing of a sur-reply and a movant raising new arguments in a reply brief is a valid basis to permit a sur-reply. *See Georgia Advoc. Off. v. Labat*, 2021 WL 12102897, at *1 (N.D. Ga. June 22, 2021). *See also, e.g.*, *Webb v. Astrue*, 525 F. Supp. 2d 1329, 1334 (N.D. Ga. 2007) (granting sur-reply to address document and argument added as part of reply brief).

Indeed, a district court may abuse its discretion by failing to give an opposing party an opportunity to respond to materials presented for the first time in a reply brief. *Doebele v. Sprint-United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). The Eleventh Circuit Court of Appeals has confirmed that it is reversible error "if the court relies on new materials or arguments in a reply brief" without affording the opposing party a response. 793 Fed. Appx. at 902. In *Atlantic Specialty Ins. Co.*, the movant introduced new arguments and testimony as part of its summary judgment reply brief and the district court denied a sur-reply, which led the appellate court to vacate the grant of summary judgment and remand for a sur-reply to be considered. *Id.* at 902. Plaintiff's belated disclosure of the Verkhovskaya report and reliance upon her opinions solely in reply invites the same error.

IV.    CONCLUSION

For the foregoing reasons, WebMD respectfully requests that this Court strike

Ms. Verkhovskaya's report or, in the alternative, grant WebMD leave to depose Ms.

Verkhovskaya and file a sur-reply to the Motion for Class Certification.

                                    Respectfully submitted,

Dated:  October 8, 2024             */s/ Paul A. Rosenthal*
                                    Paul A. Rosenthal (*pro hac vice*)
                                    paul.rosenthal@faegredrinker.com
                                    **FAEGRE DRINKER BIDDLE & REATH LLP**
                                    600 Campus Drive
                                    Florham Park, NJ 07932
                                    Los Angeles, CA 90067
                                    Telephone:  +1 973 549 7000
                                    Facsimile:    +1 973 360 9831

                                    Zoë K. Wilhelm (*pro hac vice*)
                                    Joie C. Hand (*pro hac vice*)
                                    zoe.wilhelm@faegredrinker.com
                                    joie.hand@faegredrinker.com
                                    1800 Century Park East, Suite 1500
                                    Los Angeles, CA 90067

                                    Jefferson M. Starr (GA Bar No. 992352)
                                    **LUEDER, LARKIN & HUNTER, LLC**
                                    3348 Peachtree Road, NE
                                    Suite 1050
                                    Atlanta, GA 30326
                                    Tel./Fax: (404) 480-4028
                                    jstarr@luederlaw.com

                                    ***Counsel for Defendant WebMD LLC***

## <u>CERTIFICATE OF COMPLIANCE</u>

The Undersigned Counsel hereby certifies that the foregoing has been prepared using Times New Roman 14-Point Font, as approved in LR 5.1C.

## <u>CERTIFICATE OF SERVICE</u>

The Undersigned Counsel hereby certifies that a filing of certificate with the clerk indicating the date of service of the foregoing has been made pursuant to LR 26.3(a).

**LUEDER, LARKIN & HUNTER, LLC**

By:    */s/ Jefferson M. Starr*
        Jefferson M. Starr (Bar No. 992352)
        3348 Peachtree Road, NE
        Suite 1050
        Atlanta, GA 30326
        Tel./Fax: (404) 480-4028
        jstarr@luederlaw.com